UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

OSCAR JAVIER ESPINOZA,                                          **Civil Action No.**

               Plaintiff,                                **COMPLAINT**

    -against-

CLOWNS.COM, INC., TALENT AGENCY
7 CORPORATION, FIRST
ENTERTAINMENT LLC, ADOLPH
RODRIGUEZ, and ERICA BARBUTO,

               Defendants.
-------------------------------------------------------------X

      Plaintiff, OSCAR JAVIER ESPINOZA ("Plaintiff"), as and for his Complaint against

Defendants, CLOWNS.COM, INC. ("Clowns.com"), TALENT AGENCY 7 CORPORATION

("Talent Agency 7"), FIRST ENTERTAINMENT LLC ("First Entertainment") (Clowns.com,

Talent Agency 7, and First Entertainment collectively, "Corporate Defendants"), ADOLPH

RODRIGUEZ ("Rodriguez"), and ERICA BARBUTO ("Barbuto") (Rodriguez and Barbuto

collectively, "Individual Defendants") (Corporate Defendants and Individual Defendants

collectively, "Defendants"), respectfully allege as follows:

## NATURE OF THE ACTION

    1.    Upon information and belief, the Corporate Defendants own and operate a kids

entertainment company located at 200 Meacham Avenue, Elmont, New York.

    2.    Plaintiff worked for Defendants as a helper and delivery person.

    3.    Plaintiff brings this lawsuit seeking to recover unpaid overtime wages and other

relief related to his employment with Defendants.

1

**JURISDICTION AND VENUE**

4.      Plaintiff brings this action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, and the New York Labor Law ("NYLL"), Articles 6 and 19, and their respective attendant regulations.

5.      Jurisdiction over Plaintiff's FLSA claims is based upon Section 216(b) of the FLSA, 29 U.S.C. § 216(b), and upon 28 U.S.C. § 1331.

6.      The Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367(a) because these claims are so related to the FLSA claim that they form part of the same case or controversy.

7.      Venue in this district is appropriate under 28 U.S.C. §1391(b)(2) because a substantial part of the events giving rise to these claims occurred in this judicial district.

**FACTUAL ALLEGATIONS**

**Defendant Clowns.com, Inc.**

8.      Upon information and belief, Clowns.com is a domestic business corporation duly organized and existing under the laws of the State of New York.

9.      Upon information and belief, Clowns.com maintains its principal place of business at 200 Meacham Avenue, Elmont, New York 11003.

10.     Upon information and belief, Clowns.com owns and operates a kids entertainment company located at 200 Meacham Avenue, Elmont, New York 11003.

11.     At all times relevant to this Complaint, Clowns.com had and continues to have employees engaged in commerce or in the production of goods and services for commerce.

12.     At all times relevant to this Complaint, Clowns.com had and continues to have employees who handle, sell, or otherwise work on goods or materials that have been moved in or produced for interstate commerce.

13.     At all times relevant to this Complaint, Clowns.com had an annual gross volume of sales of not less than $500,000.00 for each applicable year of Plaintiff's employment.

14.     During Plaintiffs' employment, Clowns.com maintained control, oversight, and direction over Plaintiff, including timekeeping, payroll, and other employment practices.

15.     At all times relevant to this Complaint, Clowns.com was and is a covered employer within the meaning of the FLSA and, at all times relevant to this Complaint, jointly employed Plaintiff along with the other Defendants.

**Defendant Talent Agency 7 Corporation**

16.     Upon information and belief, Talent Agency 7 is a domestic business corporation duly organized and existing under the laws of the State of New York.

17.     Upon information and belief, Talent Agency 7 maintains its principal place of business at 200 Meacham Avenue, Elmont, New York 11003.

18.     Upon information and belief, Talent Agency 7 owns and operates a kids entertainment company located at 200 Meacham Avenue, Elmont, New York 11003.

19.     At all times relevant to this Complaint, Talent Agency 7 had and continues to have employees engaged in commerce or in the production of goods and services for commerce.

20.     At all times relevant to this Complaint, Talent Agency 7 had and continues to have employees who handle, sell, or otherwise work on goods or materials that have been moved in or produced for interstate commerce.

21.    At all times relevant to this Complaint, Talent Agency 7 had an annual gross volume of sales of not less than $500,000.00 for each applicable year of Plaintiff's employment.

22.    During Plaintiff's employment, Talent Agency 7 maintained control, oversight, and direction over Plaintiff, including timekeeping, payroll, and other employment practices.

23.    At all times relevant to this Complaint, Talent Agency 7 was and is a covered employer within the meaning of the FLSA and, at all times relevant to this Complaint, jointly employed Plaintiff along with the other Defendants.

**Defendant First Entertainment LLC**

24.    Upon information and belief, First Entertainment is a foreign limited liability company duly authorized to conduct business in the State of New York.

25.    Upon information and belief, First Entertainment maintains a principal place of business at 200 Meacham Avenue, Elmont, New York 11003 and in Deerfield Beach, Florida.

26.    Upon information and belief, First Entertainment owns and operates a kids entertainment company located at 200 Meacham Avenue, Elmont, New York 11003.

27.    At all times relevant to this Complaint, First Entertainment had and continues to have employees engaged in commerce or in the production of goods and services for commerce.

28.    At all times relevant to this Complaint, First Entertainment had and continues to have employees who handle, sell, or otherwise work on goods or materials that have been moved in or produced for interstate commerce.

29.    At all times relevant to this Complaint, First Entertainment had an annual gross volume of sales of not less than $500,000.00 for each applicable year of Plaintiff's employment.

30.    During Plaintiff's employment, First Entertainment maintained control, oversight, and direction over Plaintiff, including timekeeping, payroll, and other employment practices.

31.     At all times relevant to this Complaint, First Entertainment was and is a covered employer within the meaning of the FLSA and, at all times relevant to this Complaint, jointly employed Plaintiff along with the other Defendants.

**Defendant Adolph Rodriguez**

32.     Upon information and belief, Rodriguez is a resident of the State of New York.

33.     At all relevant times of Plaintiff's employment with Defendants, Rodriguez was an individual engaged in business within this judicial district.

34.     Upon information and belief, Rodriguez was and continues to be an owner, officer, director, shareholder, member, and/or managing agent of Clowns.com.

35.     Upon information and belief, Rodriguez was and continues to be an owner, officer, director, shareholder, member, and/or managing agent of Talent Agency 7.

36.     Upon information and belief, Rodriguez was and continues to be an owner, officer, director, shareholder, member, and/or managing agent of First Entertainment.

37.     Upon information and belief, at all relevant times, Rodriguez participated in running the daily operations of the Corporate Defendants.

38.     Upon information and belief, at all relevant times, Rodriguez participated in the management and supervision of Plaintiff and his work for Defendants.

39.     Upon information and belief, at all relevant times, Rodriguez exercised operational control over Corporate Defendants, controlled significant business functions of Corporate Defendants, determined employee salaries, made hiring decisions, and acted on behalf of and in the interest of Corporate Defendants in devising, directing, implementing, and supervising the wage and hour practices and policies relating to their employees, including Plaintiff.

40. Upon information and belief, Rodriguez participated in determining the wages and compensation of Corporate Defendants' employees, establishing the schedules of their employees, maintaining their employee records, and had the authority to hire and fire their employees, including as such practices applied to Plaintiff.

41. Rodriguez participated in the decision to hire Plaintiff.

42. Rodriguez participated in the decision to fire Plaintiff.

43. Rodriguez participated in deciding the job duties that Plaintiff performed.

44. Rodriguez participated in directing Plaintiff's job duties and responsibilities.

45. Rodriguez participated in the supervision of Plaintiff's job duties and responsibilities.

46. Rodriguez participated in deciding the manner in which Plaintiff was paid.

47. Rodriguez participated in deciding the compensation Plaintiff was paid.

48. Rodriguez was responsible for ensuring Plaintiff was paid properly.

49. At all times relevant to this Complaint, Rodriguez was an employer within the meaning of the FLSA and the NYLL and, at all relevant times, jointly employed Plaintiff along with the other Defendants.

**Defendant Erica Barbuto**

50. Upon information and belief, Barbuto is a resident of the State of New York.

51. At all relevant times of Plaintiff's employment with Defendants, Barbuto was an individual engaged in business within this judicial district.

52. Upon information and belief, Barbuto was and continues to be an owner, officer, director, shareholder, member, and/or managing agent of Clowns.com.

6

53.     Upon information and belief, Barbuto was and continues to be an owner, officer, director, shareholder, member, and/or managing agent of Talent Agency 7.

54.     Upon information and belief, Barbuto was and continues to be an owner, officer, director, shareholder, member, and/or managing agent of First Entertainment.

55.     Upon information and belief, at all relevant times, Barbuto participated in running the daily operations of the Corporate Defendants.

56.     Upon information and belief, at all relevant times, Barbuto participated in the management and supervision of Plaintiff and his work for Defendants.

57.     Upon information and belief, at all relevant times, Barbuto exercised operational control over Corporate Defendants, controlled significant business functions of Corporate Defendants, determined employee salaries, made hiring decisions, and acted on behalf of and in the interest of Corporate Defendants in devising, directing, implementing, and supervising the wage and hour practices and policies relating to their employees, including Plaintiff.

58.     Upon information and belief, Barbuto participated in determining the wages and compensation of Corporate Defendants' employees, establishing the schedules of their employees, maintaining their employee records, and had the authority to hire and fire their employees, including as such practices applied to Plaintiff.

59.     Upon information and belief, Barbuto participated in the decision to hire Plaintiff.

60.     Upon information and belief, Barbuto participated in the decision to fire Plaintiff.

61.     Upon information and belief, Barbuto participated in deciding the job duties that Plaintiff performed.

62.     Upon information and belief, Barbuto participated in directing Plaintiff's job duties and responsibilities.

63.     Upon information and belief, Barbuto participated in the supervision of Plaintiff's job duties and responsibilities.

64.     Upon information and belief, Barbuto participated in deciding the manner in which Plaintiff was paid.

65.     Upon information and belief, Barbuto participated in deciding the compensation Plaintiff was paid.

66.     Upon information and belief, Barbuto was responsible for ensuring Plaintiff was paid properly.

67.     At all times relevant to this Complaint, Barbuto was an employer within the meaning of the FLSA and the NYLL and, at all relevant times, jointly employed Plaintiff along with the other Defendants.

**Defendants Constitute Joint Employers and a Single Enterprise**

68.     Upon information and belief, Corporate Defendants are part of a single integrated enterprise that jointly employed Plaintiff.

69.     Upon information and belief, Corporate Defendants' operations are interrelated and unified.

70.     Upon information and belief, Corporate Defendants share common management, are centrally controlled, and share common ownership.

71.     Upon information and belief, Corporate Defendants share employees, equipment, and supplies.

72.     Upon information and belief, Corporate Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

73.    Corporate Defendants possessed substantial control over Plaintiff's working conditions and over the policies and practices with respect to the employment and compensation of Plaintiff, referred to herein.

74.    Defendants dictated, controlled, and ratified the wage and hour and all related employee compensation policies during Plaintiff's employment.

75.    Defendants jointly employed Plaintiff and are Plaintiff's joint employers within the meaning of the FLSA and the NYLL.

**Plaintiff Oscar Javier Espinoza**

76.    Plaintiff is a resident of the State of New York.

77.    At all relevant times, Plaintiff was an employee of Defendants, as defined by the FLSA and the NYLL.

78.    Defendants employed Plaintiff as a helper and delivery person for their benefit and at their direction.

79.    Defendants employed Plaintiff from on or about June 18, 2018 until on or about April 3, 2026.

80.    During his employment, Plaintiff did punch in and out of his daily shifts.

81.    During his employment, Defendants did record the time that Plaintiff worked each shift.

82.    During his employment, Defendants paid Plaintiff by the hour.

83.    During the time period June 18, 2018 to March 2024, Defendants only paid Plaintiff straight time when he worked more than 40 hours a week.

84.    During this time period, Defendants did not pay Plaintiff any overtime compensation at all.

9

85.    For example, for the week ending July 2, 2023, Plaintiff worked 51.35 hours.

86.    Defendants, however, only paid Plaintiff straight time for the hours Plaintiff worked in excess of 40.

87.    For the week ending June 25, 2023, Plaintiff worked 51.38 hours.

88.    Defendants, however, only paid Plaintiff straight time for the hours Plaintiff worked in excess of 40.

89.    For the week ending June 11, 2023, Plaintiff worked 51.31 hours.

90.    Defendants, however, only paid Plaintiff straight time for the hours Plaintiff worked in excess of 40.

91.    Beginning in March 2024 and continuing through the end of Plaintiff's employment, Defendants did pay Plaintiff overtime compensation from time to time, but not for all of the overtime hours that Plaintiff worked each week.

92.    For example, for the week ending May 18, 2025, Plaintiff worked 50 hours.

93.    Defendants, however, only paid Plaintiff straight time for the hours Plaintiff worked in excess of 40.

94.    For the week ending December 21, 2025, Plaintiff worked 60 hours.

95.    Defendants, however, only paid Plaintiff overtime compensation for 12.35 hours and did not pay Plaintiff any compensation at all for the hours worked past that.

96.    For the week ending December 14, 2025, Plaintiff worked 60 hours.

97.    Defendants, however, only paid Plaintiff overtime compensation for 12.81 hours and did not pay Plaintiff any compensation at all for the hours worked past that.

98.    Defendants were aware of Plaintiff's work hours and pay rates but failed to pay him the proper wages to which he was entitled under the law.

10

99.     Defendants did not provide Plaintiff with a complete and accurate wage notice when he was hired, or at any time thereafter, as required by NYLL § 195(1).

100.    Defendants did not provide Plaintiff with complete and accurate paystubs along with his weekly earnings, as required by NYLL § 195(3).

101.    Because Defendants did not provide Plaintiff with a wage notice and complete and accurate paystubs, Plaintiff was kept in the dark about how much he should have been paid.

102.    Had Plaintiff received accurate notices and statements, they would have indicated that he was legally entitled to a higher hourly rate of pay and time and a half that rate for all overtime hours. Plaintiff would have compared those amounts to the amounts he actually received, and he would have been able to question and confront his employer as to why he was receiving less than he was legally entitled.

103.    Because Plaintiff was not provided legally accurate notices and statements, Defendants were able to conceal these wage violations.

104.    Had Defendants provided Plaintiff with such wage notices and statements, he would have advocated for himself, consulted an attorney, and brought this lawsuit much earlier to enforce his rights under state and federal law.

105.    Because Defendants did not provide Plaintiff with complete and accurate paystubs, Plaintiff could not rectify the situation, which resulted in his underpayment of wages.

106.    As a result of Defendants' failure to provide the required paystubs, Plaintiff has incurred tangible, downstream harm.

107.    Defendants' failure to pay proper wages in a timely manner has been made without good faith, willfully, and with a reckless disregard for Plaintiff's rights.

11

108.    Plaintiff has been damaged by such failures in an amount to be determined at trial, including without limitation unpaid wages, liquidated damages, statutory damages, interest, and attorneys' fees and costs.

**COUNT I**
**VIOLATION OF THE FAIR LABOR STANDARDS ACT**
**29 U.S.C. § 201 *ET SEQ.***
**FAILURE TO COMPENSATE FOR OVERTIME**

109.    Plaintiff reasserts and realleges the allegations set forth in each of the above paragraphs as though fully set forth herein.

110.    The FLSA regulates the payment of wages by employers whose employees are "engaged in commerce or engaged in the production of goods for commerce, or [are] employed in an enterprise engaged in commerce or in the production of goods for commerce." 29 U.S.C. § 207(a)(1).

111.    Corporate Defendants are subject to the overtime pay requirements of the FLSA because they are each an enterprise engaged in commerce or engaged in the production of goods for commerce.

112.    At all times relevant to this Complaint, Corporate Defendants had two (2) or more employees handle goods or materials that have moved in interstate commerce, including Plaintiff.

113.    Upon information and belief, the gross annual volume of sales made or business done by each Corporate Defendant, either individually or jointly with the others, in each applicable year was not less than $500,000.00.

114.    Corporate Defendants were and are subject to the overtime pay requirements of the FLSA because Plaintiff was individually engaged in interstate commerce.

115.    At all times relevant to this action, Plaintiff was entitled to the rights, benefits, and protections granted by the FLSA, 29 U.S.C. § 207, *et seq*.

116.    Section 207(a)(1) of the FLSA states that an employee must be paid overtime, equal to at least one and one-half times the employee's regular rate of pay, for all hours worked in excess of forty (40) per week.

117.    By the above-alleged conduct, Defendants have violated the FLSA by failing to pay Plaintiff overtime compensation as required by the FLSA.

118.    Section 13 of the FLSA, 29 U.S.C. § 213, exempts certain categories of employees from the overtime compensation requirements set forth in Section 207(a)(1) of the FLSA.

119.    However, none of the Section 13 exemptions apply to Plaintiff because he did not meet the requirements for coverage under the exemptions during his employment.

120.    Defendants acted willfully and either knew that their conduct violated the FLSA or showed a reckless disregard for the matter of whether their conduct violated the FLSA.

121.    Defendants did not act in good faith with respect to the conduct alleged herein.

122.    As a result of Defendants' violations of the FLSA, Plaintiff incurred harm and loss in an amount to be determined at trial, along with liquidated damages, attorneys' fees, and costs of litigation, pursuant to 29 U.S.C. § 216(b).

**COUNT II**
**VIOLATION OF THE NEW YORK LABOR LAW**
**ARTICLES 6 AND 19**
**FAILURE TO PAY OVERTIME**

123.    Plaintiff reasserts and realleges the allegations set forth in each of the above paragraphs as though fully set forth herein.

124.    At all times relevant to this Action, Plaintiff was employed by Defendants within the meaning of New York Labor Law §§2 and 651.

13

125.    Under New York law, an employee must be paid overtime, equal to one and one-half times the employee's regular rate of pay, for all hours worked in excess of 40 per week in the manner and methods provided by the FLSA. 12 NYCRR §142-2.2.

126.    By the above-alleged conduct, Defendants have failed to pay Plaintiff overtime compensation as required by the NYLL.

127.    Plaintiff was not exempt from the overtime provisions of the NYLL because he did not meet the requirements for any of the exemptions available under New York law.

128.    Plaintiff is a victim of a uniform, unlawful, company-wide compensation policy that has deprived him of proper overtime compensation.

129.    Defendants have acted willfully and have either known that their conduct violated the NYLL or have shown a reckless disregard for whether their conduct violated the NYLL.

130.    Defendants have not acted in good faith with respect to the conduct alleged herein.

131.    As a result of Defendants' violations of the NYLL, Plaintiff has incurred harm and loss in an amount to be determined at trial, along with liquidated damages, attorneys' fees and costs of litigation, pursuant to the NYLL.

**COUNT III**
**VIOLATION OF THE NEW YORK LABOR LAW**
**NYLL SECTION 195(1)**
**FAILURE TO PROVIDE WAGE NOTICES**

132.    Plaintiff reasserts and realleges the allegations set forth in each of the above paragraphs as though fully set forth herein.

133.    Defendants willfully failed to furnish Plaintiff with wage notices during his employment, including upon hiring, as required by NYLL § 195(1), in English or in the language identified by each Plaintiff as his primary language, which was to contain, among other things, the rate or rates of pay and basis thereof; the regular pay day designated by Defendants as an employer

in accordance with NYLL § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; and the regular hourly rates of pay and overtime rates of pay.

134. Through their knowing and intentional failure to provide Plaintiff with the wage notices required by the NYLL, Defendants have willfully violated NYLL §§ 190 et seq. and the supporting Regulations.

135. Due to Defendants' willful violations of the NYLL, Plaintiff is entitled to recover statutory penalties, together with costs and attorneys' fees provided by NYLL § 198(1-b).

<strong>COUNT IV<br>
VIOLATION OF NEW YORK LABOR LAW<br>
SECTION 195(3)<br>
FAILURE TO PROVIDE WAGE STATEMENTS</strong>

136. Plaintiff reasserts and realleges the allegations set forth in each of the above paragraphs as though fully set forth herein.

137. Defendants willfully failed to provide Plaintiff with accurate written wage statements each week as required by NYLL § 195(3), which were to include, among other things, the dates of work covered by each payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof; deductions; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; and the number of regular hours worked and the number of overtime hours worked.

138. Through their knowing and intentional failure to provide Plaintiff with wage statements required by the NYLL, Defendants have willfully violated NYLL §§ 190 *et seq*. and the supporting Regulations.

139.    As a result of Defendants' willful violations of the NYLL, Plaintiff is entitled to recover statutory penalties, along with costs and attorneys' fees as provided by NYLL § 198(1-d).

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, by and through his attorneys, The NHG Law Group, P.C., demands judgment against Defendants, jointly and severally, and in favor of Plaintiff for a sum that will properly, adequately, and completely compensate Plaintiff for the nature, extent, and duration of the damages, costs of this action, and as follows:

A.    Declare and find that Defendants committed one or more of the following acts:

    1.    Willfully violated provisions of the FLSA by failing to pay Plaintiff overtime compensation;

    2.    Willfully violated the provisions of the NYLL by failing to pay Plaintiff overtime compensation;

    3.    Willfully violated the provisions of the NYLL by failing to provide Plaintiff with complete and accurate written wage notices and statements;

B.    Award compensatory damages, including all unpaid wages owed, in an amount according to proof;

C.    Award liquidated damages under the NYLL or, in the alternative, the FLSA;

D.    Award statutory penalties for Defendants' NYLL Section 195 record keeping violations;

E.    Award interest on all unpaid wages due accruing from the date such amounts were due;

F.    Award all costs and attorneys' fees incurred in prosecuting this action;

G.    Award an automatic fifteen percent (15%) increase with respect to any damages not paid within the later of ninety (90) days following the issuance of judgment or the expiration of the time to appeal pursuant to the NYLL; and,

H.    Provide such further relief as the Court deems just and equitable.

Dated:  Massapequa, New York        The NHG Law Group, P.C.
       May 1, 2026

By: Justin M. Reilly, Esq.
*Attorneys for the Plaintiff*
4242 Merrick Road
Massapequa, New York 11758
Tel: 516.228.5100
justin@nhglaw.com

17