**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
**---------------------------------------------------X**

OSCAR JAVIER ESPINOZA,

Plaintiff,

-against-

CLOWNS.COM, INC., TALENT AGENCY 7 CORPORATION, FIRST ENTERTAINMENT LLC, ADOLPH RODRIGUEZ, and ERICA BARBUTO,

Defendants.

**---------------------------------------------------X**

**2:26-cv-02597-ARL**

**DECLARATION OF**
**KEITH E. WILLIAMS, ESQ.**

I, Keith E. Williams, Esq., hereby declare under the penalty of perjury pursuant to 28 U.S.C. § 1746 that the following is true and correct:

1. I am over the age of 21, competent to testify, and if called to testify would do so consistently with all matters set forth herein.

2. I make this Declaration pursuant to Rule 55 of the Federal Rules of Civil Procedure, as well as Local Civil Rule 55.1 of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York in support of the Request for a Certificate of Default of Plaintiff, OSCAR JAVIER ESPINOZA ("Plaintiff"), against Defendants, TALENT AGENCY 7 CORPORATION ("Talent Agency 7"), FIRST ENTERTAINMENT LLC ("First Entertainment"), ADOLPH RODRIGUEZ ("Rodriguez"), and ERICA BARBUTO ("Barbuto") (collectively, "Defendants").[1]

3. This is an action to recover damages owed by Defendants to Plaintiff for Defendants' willful violations of the requirements of the Fair Labor Standards Act ("FLSA"), 29

[1] Plaintiff is not seeking a Certificate of Default for Defendant Clowns.com, Inc.

U.S.C. §§ 201 *et seq.*, the New York Labor Law ("NYLL"), and their respective regulations, to pay Plaintiff overtime compensation for all hours worked in excess of forty (40) hours per week. Additionally, Plaintiff seeks to recover damages for Defendants' violations of the requirements of the NYLL with respect to failing to provide Plaintiff with wage notices and statements.

4. This Court's jurisdiction is based upon 29 U.S.C. § 216(b) and 28 U.S.C. § 1331 (Federal Question). Further, this Court has supplemental jurisdiction under 28 U.S.C. § 1367(a) over Plaintiff's state law claims because they derive from a common nucleus of operative facts.

5. Venue in this district is appropriate under 28 U.S.C. §1391(b)(2) because a substantial part of the acts or omissions giving rise to Plaintiff's claims occurred within this judicial district. In addition, Defendants regularly conducted business in this District and are subject to personal jurisdiction in this District.

6. Talent Agency 7 is a domestic business corporation duly organized and existing under the laws of the State of New York. As such, Talent Agency 7 is not an infant, in the military, or an incompetent person.

7. First Entertainment is a foreign limited liability company duly authorized to conduct business in the State of New York. As such, First Entertainment is not an infant, in the military, or an incompetent person.

8. Rodriguez is a resident of New York who is not an infant, is not in the military, and is not an incompetent person.

9. Barbuto is a resident of New York who is not an infant, is not in the military, and is not an incompetent person.

10. On May 1, 2026, Plaintiff initiated this lawsuit by filing a Summons and Complaint against Defendants. *See* Docket Entry ("D.E.") 1.

11. On May 5, 2026, a copy of the Summons and Complaint was properly served on First Entertainment by delivering to and leaving with the Secretary of State for the State of New York two true copies thereof pursuant to the NY Limited Liability Company Law § 303. A true and accurate copy of the Affidavit of Service reflecting such service was filed on September 25, 2026. *See* D.E. 5.

12. On May 5, 2026, a copy of the Summons and Complaint was properly served on Talent Agency 7 by delivering to and leaving with the Secretary of State for the State of New York two true copies thereof pursuant to BCL § 306(b). A true and accurate copy of the Affidavit of Service reflecting such service was filed on September 25, 2026. *See* D.E. 6.

13. On June 6, 2026, a copy of the Summons and Complaint was properly served on Rodriguez by delivering to and leaving with a person of suitable age and discretion at Rodriguez's usual place of abode in Florida. A true and accurate copy of the Affidavit of Service reflecting such service was filed on September 25, 2026. *See* D.E. 7.

14. On June 6, 2026, a copy of the Summons and Complaint was properly served on Barbuto by delivering to and leaving with a person of suitable age and discretion at Barbuto's usual place of abode in Florida. A true and accurate copy of the Affidavit of Service reflecting such service was filed on September 26, 2026. *See* D.E. 8.

15. Talent Agency 7's deadline to file an Answer was May 26, 2026.

16. First Entertainment's deadline to file an Answer was May 26, 2026.

17. Rodriguez's deadline to file an Answer was June 29, 2026.

18. Barbuto's deadline to file an Answer was June 29, 2026.

19. To date, Defendants have not filed an answer or any responsive pleading to Plaintiff's Complaint in the time allotted by the Federal Rules of Civil Procedure.

20. Defendants have not otherwise defended this action.

21. A proposed Certificate of Default is attached here as **Exhibit 1**.

Dated: Massapequa, New York
October 21, 2026

The NHG Law Group, P.C.

By: Keith E. Williams, Esq.
*Attorneys for the Plaintiff*
4242 Merrick Road
Massapequa, New York 11758
Tel: 516.228.5100
keith@nhglaw.com